IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

**FILED**

FEB 2 0 2004

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | | |
|---|---|---|
| Physicians' Multispecialty Group, P.C., | ) | Civil Action No. |
| Plaintiff, | ) | **3 04 0536 22** |
| vs. | ) | **NOTICE OF REMOVAL** |
| Carolina Care Plan, Inc., | ) | |
| Defendant. | ) | |

**TO:   WILLIAM P. WALKER, JR., ESQUIRE; ATTORNEY FOR THE PLAINTIFF**

YOU ARE HEREBY NOTIFIED THAT pursuant to 28 U.S.C. § 1441 and 1446, Defendant Carolina Care Plan, Inc., hereby removes the above-referenced action previously pending in the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, South Carolina, as Civil Action No. 2004-CP-40-0313, to the United States District Court for the District of South Carolina, Columbia Division, on the following grounds:

### I. COMMENCEMENT OF THE ACTION

This action was instituted by the Plaintiff against Carolina Care Plan, by service of the Summons and Complaint upon the South Carolina Department of Insurance, on or about January 22, 2004. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of first receipt of the original state court pleadings.

### II. PLEADINGS AND NOTICE TO STATE COURT

A true and correct copy of all process and pleadings served upon Carolina Care Plan are attached hereto as "Exhibit A" and are being filed with this Notice of Removal. A

copy of this Notice of Removal has been provided to the Clerk of Court for the Richland County Court of Common Pleas.

### III. STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (West 2001). A federal question arises in this action because the Complaint sets forth state law claims which are completely preempted by the Employee Retirement Income Security Act ("ERISA"). See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). As discussed below, this action satisfies the requirements for federal question jurisdiction.

### IV. FEDERAL QUESTION JURISDICTION EXISTS

This case is properly removed to this Court pursuant to federal question jurisdiction. As alleged in the Complaint, Carolina Care Plan provided group health benefits to Walker-White, the employer of Charles Williams. (See Complaint, paragraphs 3 and 4). These benefits provided for current and former employees qualify as a welfare benefit plan subject to ERISA. Plaintiff, as a health care provider to Mr. Williams, is seeking to recover benefits allegedly due Mr. Williams under the benefit plan or under an alleged oral amendment of the plan. Since Plaintiff's claims seek to recover benefits under the original or allegedly amended terms of the plan, all the claims are subject to complete pre-emption under ERISA. Further, Plaintiff's claims are completely pre-empted as they are an attempt to provide an alternative enforcement mechanism to ERISA. Therefore, based upon the doctrine of complete pre-emption, this case is properly removed to this Court.

2

## V. CONCLUSION

Wherefore, Carolina Care Plan hereby removes this matter from the South Carolina Court of Common Pleas for the Fifth Judicial Circuit to the United States District Court, Columbia Division based on federal question jurisdiction. See 28 U.S.C. § 1331, 1441 and 1446.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By: *[signature]*
Jeffrey S. Patterson
Federal Bar No. 6603
E. Christina Rampey
Federal Bar No. 7859
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC 29201
(803) 799-2000

Attorneys for Defendant Carolina Care Plan, Inc.

Columbia, South Carolina

2-20 , 2004.



# South Carolina
# Department of Insurance

300 Arbor Lake Drive, Suite 1200
Columbia, South Carolina 29223

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

MARK SANFORD
Governor

ERNST N. CSISZAR
Director of Insurance

COMPLIANCE DEPT.

January 22, 2004

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
CAROLINA CARE PLAN, INC.
201 EXECUTIVE CTR. DR. STE.300
COLUMBIA, SC 29210-8438

Dear Sir:

On January 22, 2004, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-33-90(B)(9) (Supp. 1999). By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270 (Supp. 1999). I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process.** When replying, please refer to File Number 118319, <u>Physician's Multispecialty Group, Inc. v. CAROLINA CARE PLAN, INC.</u>, 04-CP-40-0313.

By:

*/s/ John B. O'Neal*

John B. O'Neal III
Associate General Counsel
(803)737-6219

Sincerely Yours,

Ernst N. Csiszar
Director
State of South Carolina
Department of Insurance

Attachment

CC:   William P. Walker Jr.
      Post Office Box 949
      Lexington, SC   29072

EXHIBIT
A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | IN THE __5th__ JUDICIAL CIRCUIT |
| ) | |
| Physician's Multispecialty Group, P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | COVER SHEET FOR |
| vs. ) | CIVIL ACTIONS |
| ) | |
| Carolina Care Plan, Inc. ) | |
| ) | |
| Defendant. ) | |

The cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed and dated. A copy of this Cover Sheet must be served on the defendant(s) along with the Summons and Complaint.

NATURE OF ACTION: (*Check one category for the main cause of action*)

( ) TORT – Motor Vehicle  (XX) CONTRACT – Debt Collection
( ) TORT – Professional Malpractice  ( ) CONTRACT -- Employment
( ) TORT – Unfair Trade Practices, and  ( ) CONTRACT -- Construction
    Other Economic or Business  ( ) CONTRACT – Wrongful Breach
    Related Wrongs  ( ) CONTRACT – General or Other
( ) TORT – Products Liability
( ) TORT – General or Other  ( ) REAL PROPERTY

( ) PCR  ( ) MINOR SETTLEMENTS
  ( ) DOMESTICATE FOREIGN JUDGMENT
( ) GOV/ADM – Workers Comp  ( ) OTHER (*Please Describe*)
( ) GOV/ADM – General or Other

JURY DEMAND    ( ) YES   (XX) NO

Note: Information requested on this form is preliminary in nature, and for administrative purposes only. The response to this request for information on jury demand merely indicated a likelihood that a jury trial will or will not be required and does NOT constitute a demand for or a waiver of trial by jury pursuant to applicable rules of statutes.

DOCKETING INFORMATION:   (*Check one box*)

( XX ) This case is subject to arbitration (all cases with monetary damages less than $25,000 are subject to arbitration, unless otherwise exempt).
( ) This case is subject to mediation (all cases not subject to arbitration must be mediated, unless otherwise exempt).
( ) This case is exempt from ADR, and certificate is attached.

WALKER, MORGAN & KINARD, LLC

William P. Walker, Jr.
Post Office Box 949
Lexington, SC 29072
(803) 359-6194
Attorneys for the Plaintiff

January __14__, 2004.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE  5th  JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| | |
| Physicians' Multispecialty Group, P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| vs. ) | (Non-Jury) |
| ) | |
| Carolina Care Plan, Inc., ) | |
| ) | |
| Defendant. ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiff's attorneys, Walker, Morgan & Kinard, LLC at their office located at 135 East Main Street, Lexington, South Carolina, 29072, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

By:  WALKER, MORGAN & KINARD, LLC

WILLIAM P. WALKER, JR.
135 East Main Street
Post Office Box 949
Lexington, South Carolina 29071
(803) 359-6194
Attorneys for Plaintiff

Jan 14, 2004.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF RICHLAND ) <br> ) <br> Physicians' Multispecialty Group, P.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Carolina Care Plan, Inc., ) <br> ) <br> Defendant. ) <br> ) | IN THE COURT OF COMMON PLEAS <br> FOR THE __5th__ JUDICIAL CIRCUIT <br><br><br> **COMPLAINT** |

## FACTS IN COMMON FOR ALL CAUSES OF ACTION

1. Plaintiff, Physicians' Multispecialty Group, P.C. (hereinafter referred to as "PMG"), is a corporation duly organized and existing pursuant to the laws of the State of Georgia.

2. Plaintiff, PMG, is a group of physicians and other medical care providers that renders care to burn victims in various medical disciplines.

3. The Defendant, Carolina Care Plan, provided health insurance coverage to Charles Williams through his employment with Walker-White.

4. Charles Williams was an employee of Walker-White Company.

5. In May 2001, Mr. Williams was laid off from his job with Walker-White; however, he elected to continue his health insurance coverage with Physician Health Plan via a COBRA agreement.

6. Mr. Williams was responsible for paying the premiums for the coverage he received from Physician Health Plan and based on information and belief, paid all premiums due to the Defendant.

7.  On October 7, 2001, Mr. Williams sustained substantial burn injuries from an incident which occurred at his home. Mr. Williams was initially treated at Richland Memorial Hospital in Columbia, South Carolina, but was subsequently transferred to the Joseph M. Still Burn Center at Doctor's Hospital in Augusta where he was treated by the physicians of the Plaintiff, Physicians' Multispecialty Group, P.C.

8.  Upon his arrival at Doctor's Hospital on October 7, 2001, Carolina Care Plan was contacted to confirm coverage on the patient, Charles Williams. The fact that Mr. Williams was a COBRA participant was discussed.

9.  Plaintiff rendered medical care and treatment to the patient, Charles Williams, during the course of his hospitalization and subsequent thereto, incurred medical expenses of One Hundred Nineteen Thousand One Hundred Eight-Nine and no/100 Dollars ($119,189.00) in medical costs.

10. Physician Health Plan has paid all but Twenty-Nine Thousand Two Hundred Fifteen and no/100 Dollars ($29,215.00) and due demand has been made upon the Defendant for payment and Defendant has refused to pay.

## FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

9.  Each and every allegation above is incorporated by reference to the extent it is germane to this cause of action.

10. Upon the arrival at the Doctor's Hospital in Augusta, Georgia on 10-07-01, the Plaintiff contacted the Defendant to verify coverage.

10. The Defendant verified that it was indeed the insurance carrier and that it would be responsible for all medical expenses incurred by the patient.

11. The Defendant entered into a contract whereby it agreed to be responsible for the medical expenses incurred by in the treatment of Charles Williams. The doctors and staff of PMG performed all conditions under the contract by treating the patient and provided professional medical care until his death on 12-29-01.

12. Defendant breached its contract with the Plaintiff by refusing to pay the full balance due Plaintiff for the medical services rendered to Charles Williams and it is now entitled to judgment against Defendant for the full amount due plus pre-judgment interest from the date of discharge to the present and continuing on a per diem basis.

## FOR A SECOND CAUSE OF ACTION
(Promissory Estoppel)

13. Each and every allegation above is incorporated by reference to the extent it is germane to this cause of action.

14. The Defendant communicated with Plaintiff and promised to pay to the Plaintiff all charges incurred by the Plaintiff for professional medical services rendered to patient, Charles Williams, by the Plaintiff.

15. The promise was clear and unambiguous.

16. Plaintiff reasonably relied on Defendant's promise to pay and was induced into rendering medical care to the injured patient.

17. The reliance by Plaintiff on Defendant's promise to pay was expected and foreseeable by Defendant.

Defendant did in fact pay to Plaintiff $151,890.00 for services rendered to the patient but a balance of $29,215.00 remains unpaid.

18. The Defendant breached its promise to pay and should be estopped to deny the promise and should be held responsible for the entire amount due.

19. Plaintiff was injured and damaged as a consequence of its reliance on Defendant's promise.

20. The Defendant's breach was willful, wanton, deliberate and without any basis at law and the Plaintiff is entitled to punitive damages in addition to the amount due Plaintiff for the damages incurred by Plaintiff pursuant to the treatment of Charles Williams.

## FOR A THIRD CAUSE OF ACTION
(NEGLIGENCE)

21. Each and every allegation above is incorporated by reference to the extent it is germane to this cause of action.

22. The Defendant owed to the Plaintiff a duty of due care to pay to the Plaintiff all monies due Plaintiff as a consequence of the medical treatment rendered to Charles Williams as a consequence of his injury.

23. Defendant breached its duty of due care to the Plaintiff in the following particulars, to wit:

    a. By failing to properly review and approve for payment the amount due Plaintiff;

    b. By failing to ascertain the appropriate payment due the Plaintiff;

    c. In negligently calculating the amount due to Plaintiff;

    d. In negligently refusing to pay in a timely fashion; and

    e. In negligently delaying payment to the Plaintiff.

24.   Plaintiff contends the conduct of the Defendant was negligent, grossly negligent, willful, wanton and reckless and Plaintiff is entitled to actual and punitive damages as allowed by law and is also entitled to attorney's fees incurred by the Plaintiff in prosecuting this action.

WHEREFORE, Plaintiff prays that it be entitled to judgment against the Defendant for actual and punitive damages, costs, pre-judgment interest, attorney's fees as allowed by law and such other relief as may be just appropriate and equitable.

WALKER, MORGAN & KINARD, LLC

_____
WILLIAM P. WALKER, JR.
135 East Main Street
Post Office Box 949
Lexington, South Carolina 29072
(803) 359-6194

_____, 2004.         Attorneys for the Plaintiff